Chen v. Holder

BIA
Sichel, IJ
A088 527 577

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand fourteen.

PRESENT:
>        DENNIS JACOBS,
>        SUSAN L. CARNEY,
>        CHRISTOPHER F. DRONEY,
>             *Circuit Judges.*

_____

Chi Man Chen,
>        *Petitioner,*

>        v.                                    13-1547
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Alexander Kwok-Ho Yu, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; Blair T. O'Connor, Assistant Director; Juria L. Jones, Trial Attorney, Office of Immigration Litigation, United

**States Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Chi Man Chen, a native and citizen of the People's Republic of China, seeks review of a March 26, 2013, decision of the BIA affirming the November 23, 2010, decision of Immigration Judge ("IJ") Helen Sichel, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chi Man Chen*, No. A088 527 577 (B.I.A. March 26, 2013), *aff'g* No. A088 527 577 (Immig. Ct. N.Y. City November 23, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, like Chen's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim," so long as they reasonably support an inference that the applicant is not credible. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. In this case, the agency reasonably based its adverse credibility determination on Chen's admission that he had been dishonest about his employment, the contradictions in his testimony, and the numerous inconsistencies between his testimony and his asylum application.

The IJ found that Chen was not credible because he failed to explain the discrepancies between: (1) his testimony that he attempted to stop the forced sterilization

3

of his wife, a circumstance he failed to mention in his asylum application (or in a subsequent affidavit making corrections to the application); (2) his admission to the IJ that he had falsely claimed to own a factory solely in order to obtain a visa, and his earlier testimony during the removal proceedings that actually he did own a factory; (3) his testimony that his wife stayed in the hospital for a week following the sterilization, and a letter from his wife stating that he had taken her home on his bike the following day; and (4) his testimony that a doctor was among those who came to take his wife away for sterilization, and his subsequent testimony (after being asked why he failed to mention that fact on his asylum application) that no doctors were among those who came to take his wife away. The IJ also noted Chen's testimony that he maintained his employment at a construction company owned by the town government even after his alleged violation of the population control policy and his resistence to sterilization, and that his wife was able to remove her own IUD by simply stretching out her hands.

Chen argues that the IJ's adverse credibility determination was based on "impermissible speculation and

personal conjecture," and that the discrepancies between his asylum application and testimony were the result of honest mistakes or misunderstandings, not surreptitious motives. However, there is no indication in the record that the adverse credibility finding was based on impermissible factors; and the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive.

Because the only evidence of a threat to Chen's life or freedom depended upon his credibility, the adverse credibility finding necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

5

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk